## JULY SITTINGS, 1824.

LAWRENCE et al. *against* SHEPHERD and DELAPLAINE.

A note, made payable to T. B. & Sons, as agents of W. & E. L., or order, may be prosecuted in the names of W. & E. L., the promise enures to their benefit; but they will be bound by a contemporaneous written agreement, made by T. B. & Sons, that the note was not to be paid until the accounts between them and the defendants were settled.

ASSUMPSIT on a promissory note, made by the defendants, payable "to Thomas Buckley & Sons, agents of W. & E. Lawrence, of Liverpool, or order."

Plea, general issue.

The note having been proved, a receipt was produced by the defendant, contemporaneous with the note, and signed by T. Buckley & Sons, stating that they had received the said note from the defendants, but that the amount was not to be paid to the plaintiffs until the accounts between them and the defendants were adjusted.

The plaintiffs having rested,

*Slosson* and *Jay*, for defendants, contended that the action could not be maintained by the present plaintiffs, that the note and receipt must be considered as one contract, and that it was manifest that the defendants never intended to give the plaintiffs a right to sue on the note; that, in strictness, they were not parties to the contract. They had

no right to bring an action on it, at its inception, and as their rights then were, so they must continue; they cannot shift with circumstances. *Denniston* v. *Bacon*, 10 Johns. 198; *Leeds* v. *Lancashire*, 2 Camp. 205.

*Ogden*, contra, insisted that the promise was to the agent for the benefit of the principal, and that the action, therefore, might be brought by either.

BETTS, J. The promise enures to the benefit of the plaintiffs; but, before they can recover, they must show that the accounts between them and the defendants have been adjusted.

The plaintiffs then offered to show that the matters, depending between the parties, were not strictly matters of account, but sounded in damages, and then contended that they had a right to recover without further proof.

BETTS, J. You must show some adjustment of the accounts, pursuant to the terms of the receipt.

The plaintiffs, not being prepared to do this, submitted to a non-suit.

*Ogden*, for plaintiffs.

*Slosson* and *Jay*, for defendants.